Melven Levoulia JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–478–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 1, 1982.

Discretionary Review Refused
July 7, 1982.

Ken Sparks, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

This is an appeal from a conviction for aggravated robbery. Because of the State's improper comment on Appellant's failure to testify, we reverse and remand for new trial.

In light of our disposition of this appeal, it is unnecessary to discuss the facts of the offense. We also consider it unnecessary to address Appellant's grounds of error related to his claims of ineffective assistance of counsel and involuntary waiver of counsel.

In his first ground of error Appellant contends that the trial court erred in failing to grant his timely motion for mistrial because of the prosecuting attorney's prejudicial comment on Appellant's failure to testify.

■ The trial court granted Appellant's pre-trial motion requesting that he be allowed to participate in the trial. Appellant questioned some witnesses and presented a brief argument to the jury in his own behalf but did not testify. During final argument in the punishment stage of the trial, defense counsel argued as follows:

> I think the fact he took part in his trial and spoke to you, I think that ought to say something and demonstrate that he did have a certain amount of sincerity, certainly sorry that any of this happened, and he realizes that he's going to have to pay for it.

Then, in his closing argument, the prosecuting attorney made the following remark:

> You haven't seen any remorse here today. He hasn't gotten up on that stand and said, I'm sorry, Mr. Ruly, I apologize for putting you through that ordeal. I apologize for terrorizing you out there on that parking lot. You haven't heard him say that. All he wants is off. He wants out.

Before this court, the State argues that the reference to Appellant's failure to testify was invited error and was rendered harmless by the court's instruction to disregard. Tex.Code Crim.Pro.Ann. art. 38.05 (Vernon 1979) prohibits counsel's alluding to or commenting on a defendant's failure to testify in his own behalf. Comment by the prosecution on a defendant's failure to testify offends the state and federal constitutional privilege against self-incrimination. *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975). The prohibition against such comment is mandatory; as a general rule the adverse effect of any reference to the accused's failure to testify is not cured by instruction. *Id.; Johnson v. State*, 611 S.W.2d 649 (Tex.Cr.App.1981). The invited argument rule does not permit a response which exceeds the scope of the invitation. *Id; Franks v. State*, 574 S.W.2d 124 (Tex.Cr.App.1978).

■ We agree that defense counsel's argument may have invited comment by the State. Considering Appellant's active participation in the trial, the prosecuting attorney might well have commented on Appellant's conduct during the trial without going so far as to call attention to the fact that *he hasn't gotten up on that stand.* In our opinion the objectionable argument clearly exceeds the scope of the invitation. We cannot say beyond a reasonable doubt that the prosecutor's direct comment in violation of one of the accused's most fundamental rights was cured by the court's instruction to disregard. We therefore reverse and remand for new trial.