**Donald S. MARSH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–87–0097–CR.**

Court of Appeals of Texas, Amarillo.

May 6, 1988.

Jamie S. Vandivere, Miller & Herring, Amarillo, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

A jury convicted appellant of indecency with a child by sexual contact, Tex.Penal Code Ann. § 21.01(a)(2) (Vernon Pamph. Supp.1985), and assessed his punishment at six years in the penitentiary, but recommended, and the court granted, probation. In this Court, appellant contends, by a single point of error, that the trial court should have required a State witness to produce and make available to appellant the Texas Department of Human Services (DHS) file pertaining to an investigation of him. We agree, and reverse and remand.

This case was tried in February of 1987. During the trial a DHS supervisor, Patricia King Devin, was called by the State as a witness. She had in her possession the DHS file on appellant and his victim which, she testified, was compiled by Molly Fleming, another DHS employee. During cross-examination appellant's counsel asked the trial court to allow him to inspect the file. The court removed the jury from the court-room and allowed appellant's counsel to question Ms. Devin as follows:

Q. Did, Mrs. Devin, before coming over here today and since December of 1986, have you had an opportunity to look at Mrs. Fleming's records that she may have made or compiled involving the Marsh case?

A. Yes, I have.

Q. And have you reviewed those records in detail since December of last year, but before today?

\* \* \* \* \* \*

A. Yes, sir.

Q. And did you review those to help refresh your memory or to jog your memory?

A. I did—I reviewed those records as part of my supervisory obligation to Molly.

Q. Okay. And due to the review of those records, has that assisted you in testifying here today, to be familiar with the case?

A. Sure. I'm sure it did.

\* \* \* \* \* \*

Q. When did you last look at those records?

A. Prior to coming into the courtroom earlier today.

The trial court refused to allow appellant to inspect the file. Counsel then developed the matter further in a bill of exception as follows:

Q. And I believe you've stated earlier, but just to make sure I have covered it, you do not have any records or notes or memos concerning DHS's investigation of the Marsh case, do you, personally?

A. No, sir.

Q. Those that you have in your lap that you have just pointed to, who compiled those?

A. Molly Fleming.

\* \* \* \* \* \*

Q. Well, some of the information that is lying in those files came from you, is that correct?

A. That's correct.

\* \* \* \* \* \*

Q. And before testifying here today on the 25th day of February, 1987, you did look at those files before you came over here to testify, is that correct?

A. That's correct.

\* \* \* \* \* \*

Q. In fact, you reviewed those files just a—within an hour or two of when you took the stand here today, is that correct?

A. Yes, sir. I have looked at those files today.

Q. And you looked at them just within a couple of hours before you took the stand to testify?

A. Yes, sir.

Q. And after you reviewed the files, you were called as a State's witness to testify, is that correct?

A. Yes, sir.

Q. And some of the information that you testified to here in this courtroom under oath can be found in those files?

A. Yes, sir.

Q. And as a Supervisor in the City of Amarillo, Texas, you have the right to gain access to those files at any time you please, is that correct?

A. Yes, sir.

Q. Those files that you have with you at this time pertain to alleged facts and accusations and allegations in the Marsh case, is that correct?

A. Yes, sir.

Q. As well as notes that were made by Investigators for DHS?

A. That's correct.

At the conclusion of the bill of exception, appellant's counsel again asked to review the file, but the request was denied. That denial is the source of appellant's contentions here.

On September 1, 1986, the Texas Rules of Criminal Evidence became effective.

Rule 611 of those Rules states, as pertinent here:

> If a witness uses a writing to refresh his memory for the purpose of testifying either while testifying or before testifying, an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. If it is claimed that the writing contains matters not related to the subject matter of the testimony the court shall examine the writing in camera, excise any portion not so related, and order delivery of the remainder to the party entitled thereto.

The wording of the Rule is unambiguous and unequivocal. If a witness uses a writing to refresh his memory for the purpose of testifying, an adverse party is entitled to immediate production of the writing for the purposes specified in the Rule. As pointed out by Cathleen C. Herasimchuk in her commentary on the Rules in the Texas Rules of Evidence Handbook (Supp.1987), at p. 117:

> New rule 611 would expand the adverse party's right to discover and cross-examine upon any writings, without regard to authorship, used by a witness to refresh his memory.
>
> \* \* \* \* \* \*
>
> The new rule will also allow the opposing party access to writings if the witness has ever used those writings to refresh his memory prior to testifying, thus greatly expanding the right to discover and use such writings.

Texas Rules of Evidence Handbook Supplement, 24 Hous.L.Rev. 117 (1987).

In this case, Ms. Devin used the DHS file to prepare for her testimony. Therefore, appellant was entitled to the file as he requested.\*

We are well aware that the Rule represents an expansion of Texas law. Previously, in this context, discovery was generally limited to statements authored by the

---

\* We find no request by the State for the in camera inspection permitted by the Rule. If that request is made after remand, the trial judge can proceed in the manner outlined by the Rule.

witness, *see Gaskin v. State*, 172 Tex.Cr.R. 7, 353 S.W.2d 467, 469 (1961); Tex.R.Crim. Evid. 614; or actually used before the jury in such a manner that the contents became an issue. *See, e.g., White v. State*, 478 S.W.2d 506, 511–12 (Tex.Crim.App.1972); *Sewell v. State*, 367 S.W.2d 349, 351 (Tex. Crim.App.1963). Now, under the new Rule, any writing, regardless of authorship, may be discovered if the witness uses it to refresh his memory.

It follows that we must sustain appellant's point of error, reverse the judgment of the trial court, and remand the case for a new trial.