**Ricardo Andrew GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–87–00302–CR.**

Court of Appeals of Texas,
El Paso.

Oct. 5, 1988.

Tracey Bright, Odessa, for appellant.

R.C. "Eric" Augesen, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a judgment of conviction for unauthorized use of a motor vehicle. The jury assessed ten years' penitentiary confinement and a fine of $2,500.00. We affirm.

Point of Error No. One avers the prosecutor, during final argument, commented on the Defendant's failure to testify. The following passage was stated in the guilt-innocence stage argument:

> [T]he Defendant, Richard Garcia, was found driving and in possession of that automobile and he did not have any type of truthful explanation of where he got it. *He did not say to you,* 'I bought it off of a car lot and they are supposed to get me the title.' He did not say, 'I borrowed it from an itinerate farmer from Timbuktu, Georgia.' (Emphasis added).

To be error, the words must intentionally or necessarily and naturally denote a commentary on the failure of the Defendant to testify. The comment must be viewed from the standpoint of the jury, and the language must be more than an implied or indirect allusion to the Defendant's silence. *Cook v. State,* 702 S.W.2d 597 (Tex.Crim. App.1984). The arresting officer testified he stopped the Defendant on a routine traffic detainment for driving a vehicle without a rear registration plate. The Defendant told the officer that the car had belonged to his uncle for a very long time, and that his uncle lived on Del Rio Street. The prosecutor's argument could not be alluding to these res gestae statements, however, because they were made to the arresting officer. The prosecutor's words that the Defendant "did not say to you" necessarily and naturally are a comment of the Defendant's failure to testify. The trial court at first sustained and then promptly overruled the defense objection with the following instruction:

> I will overrule that objection, but ladies and gentlemen, you are instructed, specifically instructed that you are not—that every citizen has the right, what we call the right against self-incrimination, and you are not to refer to or discuss for any purpose whatsoever a failure of the Defendant to take the stand. It is solely a Defendant's right and a Defendant's option and therefore, do not take the comment of the Prosecutor in that light.

The prosecutor in other parts of argument referred to the Defendant's untruthful

statements to the arresting officer in a similar manner, which suggests that his errorful statement was not intentional. The owner of a garage testified that he had held the vehicle which belonged to a former employee, who was not the uncle of the Defendant, for eight or nine months under a possessory lien for charges. The vehicle and his tools were taken in a burglary. The Defendant made an explanation of possession at the time of arrest which was refuted by the State. *Musgrave v. State*, 608 S.W.2d 184 (Tex.Crim.App.1980). No defense of mistake of fact as to consent was raised by the evidence. *Hall v. State*, 643 S.W.2d 738 (Tex.Crim.App.1983). The evidence of guilt was overwhelming. We believe, in this case, that the statement had no significant effect on the jury and was harmless. *Mayberry v. State*, 532 S.W.2d 80 (Tex.Crim.App.1975). Point of Error No. One is overruled.

■ Point of Error No. Two asserts error in the admission into evidence of the Defendant's res gestae statements. The error was predicated on the State's failure to declare the oral statements to the defense in violation of the trial court's order of pre-trial discovery. We do not have that order before us. Counsel for the State makes reference in his brief to the fact that the order in question referred only to oral statements of the Defendant transcribed pursuant to Tex.Code Crim.Pro.Ann. art. 38.22 (Vernon Supp.1988). The State's written response to that order which was introduced into evidence by the defense is supportive of that proposition. It indicates the State possessed no oral statements of the Defendant under the general heading of DOCUMENTARY EVIDENCE. However, Tex.R.App.P. 50(d) places the responsibility on the Appellant to ensure sufficient record to show error requiring reversal. Error cannot be postulated on a document that is not before us. Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.

OSBORN, Chief Justice, dissenting.

I respectfully dissent. I would sustain Point of Error No. One. The majority opinion quite properly recognizes that the quoted statement from the prosecutor's argument is a clear and straightforward comment on the Defendant's failure to testify.

In *Owen v. State*, 656 S.W.2d 458 (Tex. Crim.App.1983), the Court recognized that such a comment offends both our State and Federal Constitutions. The Court in that opinion also recognized that the adverse effect of any reference to the accused's failure to testify is not generally cured by an instruction to the jury.

In *Jones v. State*, 693 S.W.2d 406 (Tex. Crim.App.1985), the Court again recognized the right of an accused party to be free from the fear of compelled self-incrimination and to remain silent, and that the prosecution may not comment upon the exercise of that right. The Court said that the implication that counsel's argument referred to the accused's failure to testify must be clear. In this case, the majority opinion does recognize that the complained of argument is a clear comment upon the failure of the Defendant to testify. In the *Jones* case, the conviction was not reversed because the Court concluded that the argument which it quoted in its opinion was not intended to reflect upon what the Appellant had testified about at the guilt or innocence portion of the trial. The Court concluded: "[a]s such we cannot find that the language was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify at punishment." That reasoning cannot be applied in the case at bar.

In *Bird v. State*, 527 S.W.2d 891 (Tex. Crim.App.1975), the improper argument was made at the guilt stage of the trial. But in determining whether the argument was harmless or not, the Court looked not only at the finding of guilt, but also at the punishment assessed by the jury. In that case, the jury assessed the death penalty, obviously, the maximum authorized by law. In the case at bar, the jury assessed ten years' confinement and a fine of $2,500.00. That was the maximum confinement autho-

rized by law and one-half of the authorized fine. Like the court in *Jackson v. State*, 633 S.W.2d 598 (Tex.App.—Houston [14th Dist.] 1982, PDRR), I am unable to say beyond a reasonable doubt that the prosecutor's direct comment in violation of one of the accused's most fundamental rights was cured by the court's instruction to disregard.