**Clarence Dwayne ODOM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 588–87, 589–87.**

Court of Criminal Appeals of Texas, En Banc.

March 8, 1989.

Douglas M. O'Brien, court appointed on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West and Lee Coffee, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury upon two indictments of aggravated kidnapping, V.T.C.A. Penal Code § 20.04, and aggravated sexual assault, V.T.C.A. Penal Code § 22.021. The jury also assessed punishment at thirty-three years' confinement in the Texas Department of Corrections and a $2,500.00 fine in each cause. Appellant raised two points of error before the Court

of Appeals; his convictions were affirmed in an unpublished opinion. *Odom v. State,* Nos. B14–86–053–CR, C14–86–054–CR (Tex.App.—Houston [14th Dist] delivered March 12, 1987) [1987 WL 7640]. We granted appellant's petition to review both holdings of the Court of Appeals. We will reverse and remand.

Appellant argues in his first ground for review[1] that the Court of Appeals erred by holding he waived error by failing to make an adequate post-trial request for inclusion in the appellate record of the complaining witness's notes which appellant requested for cross-examination purposes.

During trial, appellant's counsel elicited testimony from the complaining witness that shortly after the alleged offenses she recorded in a notebook her recollection of the events surrounding the kidnapping and the sexual assault. She also testified that she gave both a written and a recorded statement to the police. At trial, the State furnished appellant's counsel with copies of the written statement and a tape of the recorded statement, but counsel was not given a copy of the witness's notebook or afforded an opportunity to review the notebook. At the conclusion of the complaining witness's testimony, appellant's counsel perfected a bill of exception out of the presence of the jury. In perfecting his bill, appellant's counsel claimed that since the victim used her notes to refresh her memory before and during her testimony, appellant was entitled under the *Gaskin*[2] rule to a copy of these notes for cross-examination. The trial judge denied appellant's request to review the victim's notebook. Appellant's counsel then requested the trial court to include the notebook in the appellate record should an appeal be necessary. The trial judge also denied this request.

The Court of Appeals held the trial court erred in denying appellant access to the victim's notes. The Court of Appeals, however, did not determine whether this error

---

1. Because of our disposition of this ground for review we do not address appellant's second ground for review claiming the Court of Appeals erred in holding Art. 37.07, § 4, V.A.C.C.P., constitutional.

2. *Gaskin v. State,* 172 Tex.Cr.R. 7, 353 S.W.2d 467 (1961).

was harmful because a copy of the complainant's notes was not included in the appellate record. The Court of Appeals concluded appellant's request for inclusion of complainant's notes in the appellate record was insufficient to preserve error for review. Thus, the court of appeals overruled appellant's contention.

Our review of the record reveals two instances in which appellant requested that the complainant's notebook, or a copy thereof, be included in the appellate record. As already noted, appellant made his first request at the conclusion of the complaining witness's testimony. Appellant's counsel also filed a motion entitled "Motion to Include in Record" which requested that the complainant's personal notes be included in the record. Counsel presented this motion to the trial judge at the conclusion of the penalty phase of trial. The trial judge refused to rule on the motion, stating "the record will reflect [appellant's] objections and the Court record will reflect the Court's ruling".

In determining whether appellant failed to preserve error, the Court of Appeals found appellant's request inadequate for three reasons: appellant's trial request was insufficient; appellant did not request the notes in his designation of the record on appeal; and appellant did not object to the record upon completion. The Court of Appeals' opinion inexplicably did not discuss appellant's motion to include the notes in the appellate record.

Appellant contends the Court of Appeals' opinion is in conflict with this Court's decisions in *Toler v. State*, 546 S.W.2d 290 (Tex.Cr.App.1977), *Henriksen v. State*, 500 S.W.2d 491 (Tex.Cr.App.1973), and *Lewis v. State*, 481 S.W.2d 804 (Tex.Cr.App.1972). Each of these cases is distinguishable from the present cause. In *Toler, Henriksen,* and *Lewis,* the defendants made no effort via verbal requests, bills of exception, or motions either during trial or post-trial for inclusion in the record of a witness's statement. The Court of Appeals' opinion does not conflict with these cases because of

their factual distinctions but it does conflict with other holdings of this Court.

■■■ It is axiomatic that, when requested, the trial court must order a witness's statement incorporated into the trial record to afford a defendant the opportunity to show harm, if any. *Zanders v. State,* 480 S.W.2d 708 (Tex.Cr.App.1972), cert. denied, 421 U.S. 951, 95 S.Ct. 1685, 44 L.Ed. 2d 106 (1975); *Darrington v. State,* 493 S.W.2d 244 (Tex.Cr.App.1973), and cases cited therein. The defendant must make a timely *post-trial* request for inclusion of the witness's statement in the appellate record to adequately preserve error. *Zanders; Darrington; Paige v. State,* 573 S.W.2d 16 (Tex.Cr.App.1978); *Gilbreath v. State,* 500 S.W.2d 527 (Tex.Cr.App.1973), citing concurring opinion in *Leal v. State,* 442 S.W.2d 736 (Tex.Cr.App.1969). A "timely" request is one which is made prior to the record being approved. *Moore v. State,* 509 S.W.2d 349 (Tex.Cr.App.1974); and *Darrington.* We hold that appellant's "Motion to Include in Record" adequately preserved error for review under these criteria and therefore reverse the judgment of the Court of Appeals.

■■■ The record reflects that the guilt/innocence phase of appellant's trial ended on November 21, 1985. Appellant filed his motion to include the victim's personal notes in the appellate record on November 22, 1985, and presented it to the trial court while the jury was deliberating on punishment that same day. As previously noted, the trial court refused to rule on appellant's motion. We conclude that this motion is a timely post-trial request for inclusion of the complainant's notes in the record even though the request was not made after the jury rendered its verdict at punishment, i.e. "post-trial". All evidence at both stages of trial had been presented, final arguments had been made, and the jury had begun its deliberations. For purposes of requesting statements for inclusion in the appellate record, the time in which appellant filed and presented his motion was unquestionably post-trial.[3]

3. Rule 51 of the Texas Rules of Appellate Proce-

dure provides that a timely designation of mat-

During trial, appellant requested a copy of the complainant's notes for cross-examination purposes, which request was denied. At that point, appellant perfected a bill of exception by requesting inclusion of the notes in the appellate record if an appeal became necessary.[4] At the conclusion of the guilt/innocence phase, when the jury returned its guilty verdicts, it was obvious an "appeal [would] be necessary" and that appellant must include in the record the evidence which was denied him at trial to have an opportunity to show harm on appeal. As noted, appellant then filed his motion to include the victim's personal notes in the record. We believe that to require any further "post-trial" action to include the notes in the appellate record would impose far too heavy a burden on an already diligent appellant for preserving error for appellate review.[5] We conclude appellant's motion adequately and timely preserved error for appellate review. Thus, we hold the Court of Appeals erred in holding appellant waived error.

■ The Court of Appeals also held, *sans Gaskin* analysis, that the trial court erred in denying appellant access to the victim's notes. In *Zanders*, we stated the trial court commits reversible error when it fails to order production of a statement the defendant is entitled to *and* further fails to incorporate that statement in the appellate record after adequate post-trial request for such. Reversible error arises because the accused is denied the opportunity to prove harm in his appeal.

The Court of Appeals' holding that the trial court erred in failing to order production of the complaining witness's notes necessarily includes a holding that appellant was entitled to inspect the notes at trial. In light of our holding that appellant made an adequate post-trial request for incorporation of the notes in the appellate record and the fact that the trial court failed to incorporate the notes in the record, reversible error is presented. *Zanders*, at 710–711.

Therefore, the judgment of the Court of Appeals is reversed and the cause remanded to the trial court.

McCORMICK, P.J., and BERCHELMANN, J., concur in the result.

---

ters for inclusion in the appellate record is one filed "at or before the time prescribed for perfecting the appeal". There is no requirement that the designation be done "post-trial"; thus, we question the continued viability of this requirement.

**4.** Finding appellant's post-trial motion adequate to preserve error for review, we express no

opinion as to the adequacy of or affect of appellant's trial objection and request.

**5.** Besides objecting at trial and filing the motion to include the notes in the record, appellant's counsel filed a motion for new trial raising the trial court's failure to turn over the victim's notes to him for cross-examination as one ground for a new trial.