**Melvin Dewayne HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–01389–CR.**

Court of Appeals of Texas,
Dallas.

June 25, 1990.

John Nation, Dallas, for appellant.

Yolanda M. Joosten, Dallas, for appellee.

Before HOWELL, BAKER and BURNETT, JJ.

## OPINION

BAKER, Justice.

Melvin Dewayne Hawkins was found guilty of delivery of a simulated controlled substance and was assessed a ten year sentence. On original submission, we abated this appeal to the trial court to conduct a *Batson*[1] hearing. *See Hawkins v. State*, 783 S.W.2d 288 (Tex.App.—Dallas 1989, no

pet.). Pursuant to our order, the trial court held the hearing, entered findings of fact and conclusions of law, and determined that no racial discrimination had been present during jury selection. These findings and conclusions and the transcript of the testimony at the *Batson* hearing are now before the Court.

This case is now before us to consider appellant's complaints that the trial court erred in: (1) denying him access to the prosecutor's jury selection notes for the purpose of cross-examination during the *Batson* hearing; (2) finding that no racial discrimination was used by the State because of its peremptory challenges; and (3) overruling his objections to prosecution argument which was outside the record. We affirm the trial court's judgment.

■ In his first supplemental point of error, appellant contends that the trial court erred by refusing him access to the prosecutor's jury selection notes for the purpose of cross-examination. During cross-examination of the prosecutor who conducted the jury selection, defense counsel established that the prosecutor had reviewed her notes prior to testifying. Defense counsel requested that these notes be produced for cross-examination. The State objected, contending that the notes were exempt from disclosure as attorney work product. *See* TEX.CODE CRIM.PROC.ANN. art. 39.14 (Vernon 1979). The trial court sustained the State's objection. Appellant argues that rule 611 of the Texas Rules of Criminal Evidence requires production of any writing used by a witness to refresh his memory for the purposes of testifying. *See* TEX.R.CRIM.EVID. 611; *Ballew v. State*, 640 S.W.2d 237, 244 (Tex.Crim.App.1982) (op. on reh'g); *Marsh v. State*, 749 S.W.2d 646, 648 (Tex.App.—Amarillo 1988, pet. ref'd). We hold that appellant has failed to preserve error, if any. It was appellant's burden to include in the record all matters which illustrate the error he asserts. TEX. R.APP.P. 50(d); *Garcia v. State*, 758 S.W.2d 937, 939 (Tex.App.—El Paso 1988, no pet.). Appellant failed to perfect a bill to include

---

**1.** *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

the prosecutor's notes in the record as is required to preserve error. TEX.R.APP.P. 52; *see Odom v. State*, 766 S.W.2d 257, 259 (Tex.Crim.App.1989); *Hoffman v. State*, 514 S.W.2d 248, 252 (Tex.Crim.App.1974). We overrule appellant's first supplemental point.

 In his second supplemental point of error, appellant contends that the trial court erred by finding that no racial discrimination was exercised by the State in its use of its peremptory challenges against five potential jurors who were of appellant's race. The Equal Protection Clause forbids a prosecutor from challenging potential jurors solely on account of their race or on the assumption that jurors of the same race as defendant, as a group, will be unable to impartially consider the State's case against that defendant. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1722; *Dewberry v. State*, 776 S.W.2d 589, 590 (Tex.Crim.App.1989). Because we previously determined that appellant established an inference of discrimination, the burden shifted to the State to come forward with a racially neutral explanation for the strikes exercised. *See Hawkins*, 783 S.W.2d at 292. While the State's reason for striking a particular juror need not rise to the level of a challenge for cause, it must be racially neutral. *See Tompkins v. State*, 774 S.W.2d 195, 200 (Tex.Crim.App.1987), *aff'd*, — U.S. ——, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989). Under *Batson*, the State may still rely on legitimate "hunches" and past experiences as guidance in exercising its peremptory strikes so long as racial discrimination is not the motive. *See Keeton v. State*, 749 S.W.2d 861, 865 (Tex.Crim. App.1988) (*Keeton II*). However, the State's burden is to articulate a clear, specific, and legitimate reason for the challenge which relates to the particular case to be tried and which is nondiscriminatory. *Keeton II*, 749 S.W.2d at 868. When re-

viewing the lower court proceedings involving a *Batson* challenge, the appellate court's focus is similar to that of the trial judge. We must consider whether a case of purposeful discrimination was established. *Keeton II*, 749 S.W.2d at 870. We are not to substitute our judgment of the witnesses' credibility and evidentiary weight for those of the fact finder. *Tompkins*, 774 S.W.2d at 202. We are required to consider the evidence in the light most favorable to the trial judge's rulings and determine if those rulings are supported by the record.[2] If the record supports the trial judge's finding, they will not be disturbed on appeal. *Keeton II*, 749 S.W.2d at 870.

Appellant is black. The State's two principal witnesses were not. After challenges for cause, thirty-five potential jurors were available to serve. Of these thirty-five jurors, eight were black. The State exercised all of its ten peremptory challenges. Five of these challenges were used to strike black jurors. The State did not exercise peremptory challenges on two black jurors who served on the jury. The eighth black juror was struck by the defense. During voir dire, the State did not individually question the prospective jurors. The five black jurors struck by the State were number five, Reginald Hill; number seven, Betris Loyd; number sixteen, Bette Joe Tippett; number nineteen, Karon Sherman; and number thirty, Anese Grafton.

 The prosecutor testified that she struck number five, Reginald Hill, because Hill indicated during questioning that he had had a bad experience with police officers in the past and didn't feel he was treated right by the police. In this case, the State's primary witnesses were police officers. Also, according to the State's record check, there was a misdemeanor theft involving a person who had the same name and birth date as Hill. However,

2. We observe that the Texas Court of Criminal Appeals has recently held that when the courts of appeals are called upon to exercise their fact jurisdiction, that is, examine whether the appellant proved his affirmative defense or other fact issue where the law has designated that the defendant has the burden of proof by a prepon-

derance of the evidence, the correct standard of review is whether after considering all the evidence relevant to the issue at hand, the judgment is so against the great weight and preponderance so as to be manifestly unjust. *See Meraz v. State*, 785 S.W.2d 146, 154–55 (Tex.Crim. App.1990).

when later questioned by the court, Hill denied that he had a theft conviction. Appellant argues that these facts establish grounds for a challenge for cause, and therefore the State's failure to seek a challenge for cause on Hill weighs heavily against the legitimacy of the State's explanation for peremptorily striking Hill. We disagree. A reason for striking a particular juror need not rise to the level of a challenge for cause; it need only be racially neutral. *See Tompkins*, 774 S.W.2d at 200. We hold when the evidence is considered in the light most favorable to the trial judge's ruling, that the ruling is supported by the record.

■ The prosecutor testified that she struck number seven, Betris Loyd, because Loyd indicated on more than one occasion that she was having difficulty with the law. This was a simulated controlled substance case, and the prosecutor testified that she thought Loyd was not open-minded toward the law at all and indicated that Loyd felt the law was unfair. At the *Batson* hearing, appellant's trial counsel testified that he likewise recalled that Loyd had a problem with the law on that particular offense. Appellant argues that Loyd's responses to the State's questions were equivocal and that under the circumstances this does not translate to a bias or prejudice against the law upon which the State was entitled to rely. Appellant argues that had Loyd been biased or prejudiced against the State's ability to punish someone for selling a simulated, controlled substance, Loyd would have been subject to exclusion for cause. *See* TEX.CODE CRIM.PROC.ANN. art. 35.-16(b)(3) (Vernon 1989). Again, the reason for striking a particular juror need not rise to the level of a challenge for cause; it need only be racially neutral. *Tompkins*, 774 S.W.2d at 200. This was a simulated controlled substance case, and the juror expressed reservations about the law's fairness. When the evidence is considered in the light most favorable to the trial judge's ruling, we find the ruling is supported by the record.

■ The prosecutor testified that she struck number sixteen, Bette Joe Tippett, because Tippett indicated that she had family members involved in drugs. The prosecutor recalled Tippett indicated she had a brother who was killed, that she had witnessed a murder, and also that she had a sister who was involved with drugs. Appellant argues that the record reflects that the State made no attempt to question Tippett further so as to evoke any bias or prejudice against the State's position. Although this juror's responses do not rise to the level of a challenge for cause, because of their relation to the circumstances of the case itself, we hold the record supports the trial court's ruling that this challenge was not for racial reasons.

■ The prosecutor testified that she struck number nineteen, Karon Sherman, because Sherman indicated that she would have difficulty finding an accused guilty if only one witness testified and that she had a family member who was hurt by drugs. Appellant argues that Sherman was examined by the court and that her answer to the court indicated that she was opposed to the use of drugs rather than against enforcement of drug laws. He argues Sherman's examination shows no bias or prejudice against the law upon which the State was entitled to rely. Again, this particular juror's responses do not rise to the level of a challenge for cause; but, because of their relation to the facts of the case, we hold that the record supports the court's ruling that this challenge was not for racial reasons.

■ The prosecutor testified that number thirty, Anese Grafton, sat on the very back row in the far left corner. The prosecutor stated that during the entire voir dire, Grafton exhibited certain physical gestures that indicated to the prosecutor that Grafton was not happy with either the prosecutor or the law. She stated that she saw Grafton on two occasions roll her eyes in response to the State's explanation of the law. She saw her shrug her shoulders and cross her arms during the voir dire. Finally, the prosecutor testified that the juror sighed out loud in disgust at one point during the State's discussion of the law. She also stated that Grafton was a

younger woman who did not have any children and that, based on her experience as a prosecutor and her knowledge of the case and the law, she did not feel that Grafton would be a good and fair juror for the State.

Appellant argues these reasons are far from racially neutral and contends that the prosecutor's recollection is acute even though many months had elapsed from the time the voir dire was held. These arguments involve the trial judge's evaluation of the prosecutor's credibility and the evidentiary weight to be placed upon it. This is the trial judge's function, and we will not substitute our judgment for that of the trial court. *See Tompkins,* 774 S.W.2d at 202. Considering the evidence in the light most favorable to the judge's ruling, we determine that ruling is supported by the record as to Grafton. In our view, because the record supports the findings of the trial court on all of the challenged jurors, they will not be disturbed on appeal.[3] We overrule appellant's supplemental point number two.

Appellant's final point of error complains of three separate instances of the State's jury argument. During final arguments in the trial's guilt/innocence phase, the following transpired:

PROSECUTOR: Defense counsel keeps yelling but this isn't a drug deal here, this isn't a drug deal. The only thing that stopped this from being a drug deal is that the defendant didn't show up with drugs. That's all. It was set up like a drug deal. The surveillance was there like a drug deal. The guns were there like a drug deal. This is all that's different.

Ladies and gentlemen, do you think that would have mattered if one of the police officers or one of the innocent customers from Minyard's had gotten caught in gunfire?

DEFENSE COUNSEL: I'm going to object, Your Honor. Asking the jury to speculate.

THE COURT: Overruled.

PROSECUTOR: Would that have mattered to them when they got shot? Oh, well, no problem because I didn't get shot over cocaine; I got shot over some white powder.

DEFENSE COUNSEL: That's a different offense. I'm going to object. That's improper jury argument.

THE COURT: Overruled.

PROSECUTOR: The officer told you that actually the danger level on one of these deals is greater because the drug dealers retaliate. They don't make police reports. They retaliate. And in a robbery situation you've got someone actually pointing the gun, taking the money at gunpoint.

DEFENSE COUNSEL: Your Honor, I'm going to object to this testimony—I mean this argument. This is speculation. Outside the record entirely.

THE COURT: Overruled.

Appellant argues that the State's three arguments were improper because they were outside the record.

■ Appellant's first objection was that the argument calls for speculation by the jury, and his second objection was that the argument was an impermissible reference to extraneous offenses. The error presented on appeal must correspond with the objection made in the trial court. *Nelson v. State,* 607 S.W.2d 554, 555 (Tex.Crim. App.1980). Because the objection on appeal is not the same as raised in the trial court, appellant's first two objections are not preserved for review. *See Hodge v. State,* 631 S.W.2d 754, 757 (Tex.Crim.App. 1982).

■ Appellant's third objection has been properly preserved because it pertained to an assertion that the State's argument was outside the record. He contends that the State's argument about "robbery because drug dealers retaliate" injected new facts which were harmful to appellant and were not supported by evidence in the record. The State argues that the prosecutor was merely making a reasonable deduc-

3. We also hold that, after considering all of the relevant evidence, the trial court's ruling is not against the great weight and preponderance of the evidence. *Meraz,* 785 S.W.2d at 155.

tion from the facts and that the argument was proper. *See Brown v. State*, 692 S.W.2d 497, 502 (Tex.Crim.App.1985). The State contends that one of the officers involved in appellant's arrest testified that drug deals could turn into robberies. The record reflects that this officer did testify that during any drug transaction several different scenarios could occur besides just a sale. He testified there is always the possibility that the subjects are setting up a robbery and that the officers involved must be prepared to know what to do if, in fact, it is a robbery by the sellers. The evidence showed that appellant had a pistol in the waistband of his trousers and that appellant's son had a shotgun in his possession. In our view, the State's argument was a permissible inference from the evidence. *See Denison v. State*, 651 S.W.2d 754, 762 (Tex.Crim.App.1983). We overrule this point of error.

We affirm the trial court's judgment.