Roosevelt YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 268–91.

Court of Criminal Appeals of Texas, En Banc.

May 6, 1992.

---

Walter M. Reaves, Jr., West, for appellant.

Paul E. Gartner, Jr., Former Dist. Atty., and Tanya S. Dahoney, Former Asst. Dist. Atty., John W. Segrest, Dist. Atty., and Thomas C. West, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

We granted review to determine whether Tex.R.Cr.Evid. 611 requires a defendant to preserve and make available to the appellate court business records belonging to and used prior to testifying by an adverse witness to refresh her recollection where the trial court denied his request to examine and motion to produce the records before crossexamining the witness, directing instead that defense counsel proceed with crossexamination. See *Young v. State,* 803 S.W.2d 335, at 338, 340 (Tex.App.— Waco 1990).[1] This is an important question

---

**1.** The witness was coowner with her late husband of and bookkeeper for Billy's Bar, the place appellant is charged with burglarizing. Her husband died before trial, so it is her testimony on direct examination that gives rise to the issue, *viz:*

> Q. At my request did you have an occasion to review your books regarding the area of around March 31, 1988?
> A. Yes.
> Q. Was there any construction work being done at Billy's on March 31, 1988?
> A. I don't recall any.
> Q. In addition to that, you did check the books; is that correct?
> A. I did.
> Q. Are there any invoices or any sort of payment records reflecting work being done on March 31, 1988?

> A. No.
> Q. Was there anything in your records about a Roosevelt Young being hired to do any work at Billy's?
> A. No.

S.F. 83–84

After close of direct examination counsel for defendant requested "all of the records that she reviewed prior to her testimony for purposes of impeachment," generating the following dialogue:

> [PROSECUTOR]: I don't have them, Your Honor.
> THE COURT: You don't have any?
> [PROSECUTOR]: I asked her to review them. I didn't ask her to bring them to Court with her.
> [DEFENSE]: Your Honor, if she reviewed those records to refresh her memory prior to the time she came here, I'm entitled to have

of state law, i.e., a new rule of evidence, which needs to be settled by this Court. Tex.R.App.Pro., Rule 200(c)(2).

Formerly, taking guidance from text writers, courts of other jurisdictions and Fed.R.Evid. 612 (model for our Rule 611), the Court upheld a trial court order that a psychiatric witness testifying under similar circumstances for the defense provide to the prosecutor his notes of interviews and examination of defendant. *Ballew v. State*, 640 S.W.2d 237, 242 (Tex.Cr.App. 1980) (Opinion on Rehearing). The Court wrote in terms of "[t]he *right* to demand inspection of notes," *id.*, at 243, and the concurrence read the opinion to say that "the State was *entitled* to inspect the memorandum," *id.*, at 244. Thus *Ballew* extended the "use before the jury" rule, see e.g., *White v. State*, 478 S.W.2d 506, at 509–512 (Tex.Cr.App.1972) (distinguishing socalled "Gaskin Rule"), and that extension is incorporated into Rule 611. Goode, Wellborn & Sharlot, *Texas Rules of Evidence Civil and Criminal* § 612.3, 33 Texas Practice 459–461 (1988).

Rule 611 also is cast in terms of entitlement, *viz:*

> "If a witness uses a writing to refresh his memory for the purpose of testifying ... before testifying, an adverse party is *entitled* to have the writing produced at the hearing, to inspect it, to cross-examine the witness, and to introduce in evidence those portions which relate to the testimony of the witness." * * *[2]

▉ The trial court thus erred in denying appellant's request for and motion to produce "records she reviewed prior to her testimony for purposes of impeachment." See and compare *Ballew v. State*, supra. Since the prosecution did not claim the records contain "matters not related to the subject matter of the testimony," the requirements of Rule 611 for an in camera examination *et cetera* were not triggered. See *Marsh v. State*, 749 S.W.2d 646, at 648, n. * (Tex.App.—Amarillo 1988), PDR refused. Therefore, the latter part of Rule 611 never became operative, and the court of appeals erred in faulting appellant for failing to utilize the latter provisions to preserve and make available that which the trial court never examined, excised or withheld under Rule 611. *Ibid.* See *Young v. State*, supra, at 340.

▉ When appellant invoked Rule 611 he was entitled to have the records produced for inspection by his counsel for purposes of crossexamining the witness thereon. That the prosecution did not have the records or did not have the witness bring them to court is of no moment whatsoever. The trial judge was obliged to honor the request and motion of appellant by requir-

---

them to cross examine her with. I move at this time that I be provided with a copy of them.
[PROSECUTOR]: I think essentially what she testified to is the absence of any records, Your Honor.
THE COURT: I overrule the objection. Proceed with the examination.
S.F. 85–86.
On direct appeal appellant invoked Rule 611; the State took the position that "appellant waived any complaint on this point when he failed to fulfill the requirements of the State discovery statute [Article 39.14, V.A.C.C.P.]." On original submission the court of appeals overruled the point of error for failure to comply with Article 39.14, supra, without addressing Rule 611. *Young v. State*, supra, at 338. On rehearing the court of appeals held, however, that appellant failed to preserve error under Rule 611 because he did not "preserve[ ] and ma[k]e available to the appellate court" "any portion [of the records] withheld over objections]." *Id.*, at 340.

2. The remaining part of Rule 611 contains certain remedial provisions, *viz:*

> "... *If it is claimed* that the writing contains matters not related to the subject matter of the testimony *the court shall* examine the writing in camera, *excise any portion not so related* to the subject matter of the testimony, and order delivery of the remainder to the party entitled thereto. *Any portion withheld over objections shall be preserved and made available to the appellate court in the event of any appeal.* If a writing is not produced or delivered pursuant to an order under this rule, the court shall make any order justice requires, except that when the prosecution elects not to comply, the order shall be one striking the testimony or, if the court in its discretion determines that the interests of justice so require, declaring a mistrial."

(All emphasis here and throughout this opinion is mine unless otherwise indicated.)

ing the witness to produce them before directing appellant to proceed with crossexamination. *White v. State,* supra, at 511 (failure to compel inspection is reversible error); cf. *Salazar v. State,* 795 S.W.2d 187, at 192, 193 (Tex.Cr.App.1990); see *Marsh v. State,* supra, at 648; contra: *Hawkins v. State,* 793 S.W.2d 291, at 292–293 (Tex.App.—Dallas 1990), PDR refused.[3]

■ Therefore, the trial court erred in failing or refusing to do so before directing appellant to proceed with crossexamination, and the court of appeals erred in overruling appellant's motion for rehearing. Whether the trial error is harmless is for that court to decide in the first instance.

Accordingly, we vacate the judgment of the court of appeals and remand the cause to that court for a harmless error analysis pursuant to Tex.R.App.Pro., Rule 81(b)(2).

MILLER, J., concurs in the result.

McCORMICK, P.J., and WHITE and BENAVIDES, JJ., dissent.

CAMPBELL, J., dissents, believing that the court of appeals correctly decided the case and that the decision to grant the petition for discretionary review was improvident in the first instance.

---

3. The State contends that under Tex.R.App.Pro. 50(d) the burden is on appellant "to see that a sufficient record is presented to show error requiring reversal." It relies primarily on *Hawkins v. State,* supra, which appears to hold that notwithstanding the integrality of procedural provisions in Rule 611, the generality of Rule 50(d) is controlling. *Hawkins* in turn cites *Garcia v. State,* 758 S.W.2d 937, at 939 (Tex.App.—El Paso 1988), no PDR, but that case deals with an entirely inapposite situation of an alleged violation of a pretrial discovery order; Rule 611 is not at all implicated. *Hawkins* would put a burden on an appellant "to perfect a bill to include [the writings] in the record as is required to preserve error" under Tex.R.App.Pro. 52 (presumably (c), a "formal" bill). But, once appellant requested and moved for production of records to which he was entitled under Rule 611, only to be denied access to them by the trial court, the error was complete and thus preserved under Rule 52(a). See *Marsh v. State,* supra, at 648 649. To say that in order to "demonstrate that the court erred" an appellant must nonetheless unilaterally somehow acquire them from the witness for inclusion in the appellate record by way of a bill of exception is to impose a practically impossible task that the law or rule does not require.