TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00683-CR






Cederick Jerome Bass, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MONTGOMERY COUNTY, 221ST JUDICIAL DISTRICT


NO. 95-10-01173 CR, HONORABLE LEE G. ALWORTH, JUDGE PRESIDING







 After finding appellant guilty of the offense of possessing a controlled substance,
cocaine, in an amount of more than four grams but less than 200 grams, (1) the jury assessed
punishment at confinement for eighteen years and a fine of $5,000. Appellant asserts three points
of error, contending the trial court erred by: (1) excluding evidence concerning bias of a witness;
(2) denying access to notes of a State's witness for purposes of cross-examination; and (3)
admitting an opinion regarding appellant's guilt of extraneous offenses. We will overrule
appellant's points of error and affirm the judgment of the trial court.

 Lieutenant constable Anthony Lewis testified to the events leading to the seizure
of the contraband and the arrest of appellant on the night of August 31, 1995. Lewis and fellow
officer Davis were patrolling on U.S. 59 near Fostoria when Lewis monitored a vehicle travelling
approximately 62 miles an hour in a 55 mile-an-hour zone. The driver, identified as appellant,
and his only passenger "hurriedly exited the vehicle and quickly approached the patrol car." 
Appellant stated that he did not have a drivers license or any other identification because his wallet
had been stolen. When Lewis began his "routine pat-down," appellant said, "I don't have
anything on me." The pat-down resulted in a tinfoil package falling to appellant's feet. The
package contained an "off-white rock-like substance" that Lewis recognized through training and
experience to be crack cocaine. While a search of appellant's vehicle revealed no further
contraband, appellant's wallet and identification were found under the front floor mat. DPS
chemist Minh Nguyen testified his analysis showed that the substance in question contained
cocaine and weighed 11.3 grams.

 In his first point of error, appellant contends the trial court erred in excluding
evidence to show bias of officer Lewis against appellant and the citizens of Cleveland. Upon
cross-examination, Lewis testified that he had no problems during his service with the Cleveland
Police Department. Lewis was aware of a complaint having been filed by appellant's aunt, Anita
Bass, but did not recognize the name Carol Burks.

 Appellant directs our attention to the following instances in which the trial court
sustained the State's objections to defense counsel's questions that would have elicited evidence
that would have shown the bias of Lewis: (1) a question to Lewis about whether he had arrested
Carol Burks; (2) a question to Burks as to what sort of encounter she had with Lewis; (3) a
question to Chief of Police Ike Hines about complaints made by other citizens against Lewis, asked 
after Hines had testified that his investigation of the complaints made by appellant's aunt against
Lewis did not result in any sanctions being imposed on Lewis; (4) a question to Hines about
whether he had ever heard of a lady named Carolyn Burks; and (5) a question to police captain
Darrell Broussard about other complaints filed against Lewis, asked after Broussard had testified
that he had made an investigation of the complaint filed by appellant's aunt and found nothing that
would merit sanctioning Lewis.

 Appellant cites Carroll v. State, 916 S.W.2d 494 (Tex. Crim. App. 1996), and
Hurd v. State, 725 S.W.2d 249 (Tex. Crim. App. 1987), in urging that cross-examination allows
facts to be brought out tending to discredit the witness by showing that his testimony in chief was
biased or untrue. In Carroll, the defendant sought to impeach the State's eyewitness to the murder
by showing that he was incarcerated and awaiting trial on an aggravated robbery charge. In
addition, the defendant sought to show that the witness had previous convictions that could be used
to enhance the punishment range. The court held that the trial court erred in prohibiting the cross-examination that was offered to show that the witness had a vulnerable relationship with the State. 
Id. at 501. In Hurd, the trial court disallowed cross-examination of the State's only witness to the
elements of the crime by showing his bias against black people. Outside the presence of the jury,
the defendant sought to show the witness had established a propensity for hating black people that
resulted in termination of employment on several occasions because of repeated acts of violence
against members of the black race, and that he had fired every black employee that he ever had. 
The court found that defense counsel had made an informal bill of exception by showing the
questions he would have asked and the answers he may have received. Id. at 253.

 Error may not be predicated upon a ruling which admits or excludes evidence unless
a substantial right of the party is affected, and in case the ruling is one excluding evidence, the
substance of the evidence was made known to the court by offer or was apparent from the context
within which questions were asked. See Tex. R. Evid. 103(a)(2). In Love v. State, 861 S.W.2d
899, 901 (Tex. Crim. App. 1993), the court held that defense counsel's statement to the court that
he intended to show by the proposed testimony a basis for an instruction on the lack of probable
cause was insufficient to preserve error for review under Rule 103. The court stated that to
preserve error, an informal bill must include a concise statement of what the testimony would
show. Id. at 901.

 In the instant cause, appellant never made an offer of proof as to what he expected
to prove, nor did he ask to make a bill by questions and answers. We hold that error was not
preserved for review. Appellant's first point of error is overruled.

 In his second point of error, appellant contends that he was denied access to notes
of State's witness Broussard for purposes of cross-examination. After Broussard had testified that
his investigation did not result in any sanctions being imposed on Lewis, Broussard stated under
cross-examination that he had reviewed the relevant file before coming to court. Appellant's
complaint arises from the following:


MR. DYER [defense counsel]: Your Honor, I would request a copy of the notes
that captain Broussard referred to before testifying here today.


THE COURT: Do you have them with you?


THE WITNESS: No. sir.

THE COURT: He didn't bring them, counsel.



 Defense counsel proceeded to question Broussard as to what was contained in his
notes. Rule 615(a) of the Texas Rule of Evidence provides:


After a witness other than the defendant has testified on direct examination, the
court, on motion of a party who did not call the witness, shall order the attorney
for the state or the defendant and his attorney, as the case may be, to produce, for
the examination and use of the moving party, any statement of the witness that is
in their possession and that relates to the subject matter concerning which the
witness has testified.



Tex. R. Evid. 615(a). (2)

 In Odom v. State, 766 S.W.2d 257, 259 (Tex. Crim. App. 1989), the Court of
Criminal Appeals held that the defendant must make a timely post-trial request for inclusion of
the witness' statement in the appellate record in order to preserve error. In Hawkins v. State, 793
S.W.2d 291 (Tex. App.--Dallas 1990, pet. ref'd), the defendant requested a copy of the
prosecutor's notes for the purpose of cross-examination, a request that was denied by the trial
court. The court held that the defendant failed to preserve error, if any, since it was the
defendant's burden to perfect a bill to include the prosecutor's notes in the record. Id. at 292-93.

 Other than the request for a copy of Broussard's notes, appellant made no attempt
to have the witness' notes included in the record. Appellant's second point of error is overruled.

 In his third point of error, appellant contends that the trial court erred in overruling
his objection to the testimony of a witness as to whether or not appellant was involved in the sale
of drugs. The sole witness to testify for the State at the punishment phase of the trial was
Cleveland police officer Harry Kelly. The following colloquy occurred during the State's direct
examination of Kelly:


Q Do you have an opinion as to the character of Mr. Bass in terms of whether
or not he's involved in the sale of drugs?


A Well, based on listening to a body wire and hearing him sell drugs, I would
have to say, yes, ma'am.


Q Okay. And what is your opinion?


A Well, again, he was --


MR. DYER: I object to this. This calls for an opinion.


MS. NEFF: Opinion and character evidence is admissible under 37.07, Your
Honor.


THE COURT: Overruled.



 Prior to the foregoing testimony, Kelly had testified (without objection) that an
informant had purchased cocaine from appellant at appellant's house on four separate occasions. 
In addition, Kelly had testified (without objection) that a federal indictment was pending against
appellant for delivery of cocaine of more than four grams within a thousand feet of a school.

 In light of evidence of five other narcotic violations involving sale or delivery of
drugs, we hold that any error in the admission of Kelly's opinion that appellant was involved in
the sale of drugs was harmless beyond a reasonable doubt and made no contribution to his
punishment. See Tex. R. App. P. 44.2(a). Appellant's third point of error is overruled.


 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

Before Justices Kidd, B. A. Smith and Davis*

Affirmed

Filed: January 28, 1999

Do Not Publish




















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Health & Safety Code Ann. § 481.115(d) (West Supp. 1999).
2. Formerly designated as Rule 614(a) of the Texas Rules of Criminal Evidence.



BR WP="BR2">

Tex. R. Evid. 615(a). (2)

 In Odom v. State, 766 S.W.2d 257, 259 (Tex. Crim. App. 1989), the Court of
Criminal Appeals held that the defendant must make a timely post-trial request for inclusion of
the witness' statement in the appellate record in order to preserve error. In Hawkins v. State, 793
S.W.2d 291 (Tex. App.--Dallas 1990, p