Roosevelt YOUNG, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–89–183–CR.

Court of Appeals of Texas, Waco.

Oct. 25, 1990.

Rehearing Denied Jan. 17, 1991.

Discretionary Review Granted May 8, 1991.

Walter M. Reaves, Jr., West, for appellant.

Paul E. Gartner, Jr., Crim. Dist. Atty., Tanya S. Dohoney, Asst. Dist. Atty., Waco, for appellee.

Before THOMAS and McDONALD (Retired), C.JJ.

## OPINION

THOMAS, Chief Justice.

A jury convicted Appellant of the burglary of a building and, after finding that he had two prior felony convictions, assessed his punishment at life in prison. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 1989). Appellant complains that the court erred when it: (1) allowed the prosecutor to improperly cross-examine a defense witness about how an innocent person would have acted at the scene; (2) refused to compel the State to disclose records reviewed by a prosecution witness prior to her testimony; and (3) overruled an objection to a comment on his post-arrest silence. The judgment will be affirmed.

At 11:26 P.M. on March 31, 1988, Officer Moeller received a tip that a burglary was in progress at Billy's Bar. Moeller discovered that the "burglar bars" covering the bar's front doors, which were usually secured by a padlock and chain, were partially open. The twisted padlock was lying outside of the doors along with several screws that had attached a metal strip to the two front doors. Lying on the floor immediately inside the front doors was a "tire iron" and the metal strip.

Moeller and Officers Torres and Barrington searched the darkened interior of the bar. Finding a door to the men's bathroom locked, Barrington and Torres suspected that someone was inside. They identified themselves as officers, told whomever was

in the bathroom to come out, but received no reply. Finally, they forced open the door and found Appellant crouching beside the commode. He was wearing two gloves on his left hand, pliers were found in his hip pocket, and a screwdriver was lying on the floor nearby. Officers also discovered a plastic garbage bag filled with unopened beer and liquor bottles in a trash can behind the bar's counter. Sitting on top of the counter were a twelve-pack of beer and unopened liquor bottles.

Leotia Howard, whose deceased husband owned Billy's Bar when the burglary occurred, testified that Appellant did not have permission to enter the bar on March 31, 1988, when it was not open to the public. Appellant did not testify but called John Berry as a witness. Berry testified that in March 1988 he, Appellant and another man had remodeled the bar's interior. He claimed that the remodeling was supervised by Henry Harris, who had keys to the bar, and that Appellant sometimes remained inside the bar when it was closed.

During Berry's cross-examination, the following occurred:

Q Now, Mr. Berry, let's assume for a minute that you were down there [at Billy's Bar] working at 11:00 at night, the place is closed. And the police came in. What would you do?

[APPELLANT'S COUNSEL]: Objection. Calls for speculation.

[PROSECUTOR]: It does [not] call for speculation, Your Honor. I'm asking him what he would do, not what somebody else would do.

[APPELLANT'S COUNSEL]: It's not relevant, Your Honor, what he would do. He wasn't there when the police came in. He's not on trial. And it's not relevant. I object to it.

THE COURT: Overruled the objection.

[PROSECUTOR]:

Q You may answer.

A What would I do if they come in?

Q If you were working and the police walked off in there.

A I would just ask them what's wrong.

Q You would ask them what's wrong, right?

A Yes.

Q You wouldn't go back in this men's room and hide, would you, because you wouldn't have nothing to hide for, right?

A No.

Point two is that the court erred when it overruled Appellant's objections to this testimony.

■ Appellant's objections were not that Berry was being asked to state an opinion which he was not competent to give. A lay witness may give his opinion, even on an ultimate issue, as long as it is rationally based on his perception and is helpful to the determination of a fact in issue. TEX.R.CRIM.EVID. 701, 704. An ultimate issue in this case was Appellant's criminal intent. A rational view of human nature would surely convince a person of ordinary perception that someone who was legally inside the bar would not attempt to conceal himself from officers by hiding in a locked bathroom. Berry's opinion was admissible under Rule 701.

Moreover, a witness may be cross-examined on any relevant matter. *Id.* at 610(b). "Relevant" means "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* at 401. Berry's opinion was relevant because it tended to establish Appellant's criminal intent. Furthermore, a court's determination of relevancy will not be disturbed unless there was an abuse of discretion. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex. Crim.App.1985). The record does not show an abuse of discretion.

■ Finally, the opinion expressed by Berry was a reasonable inference from other evidence which established the indicia of an illegal entry. Assuming that the court erred when it allowed Berry to state an opinion on what an innocent man would have done under similar circumstances, the "jury could not logically have reached a different conclusion" from Berry's opinion. *See Taylor v. State*, 774 S.W.2d 31, 34 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd.). Berry was merely stating the obvi-

ous. Considering the record as a whole, any error in admitting Berry's opinion testimony was rendered harmless by the overwhelming evidence of Appellant's guilt. Its admission did not contribute to his conviction or punishment beyond a reasonable doubt. *See* TEX.R.APP.P. 81(b)(2). Point two is overruled.

Leotia Howard, who kept the accounting books for Billy's Bar, testified that she had reviewed the books, and that no construction work was in progress at the bar on the date of the burglary. Furthermore, she claimed that the records did not reflect that Appellant was ever hired to do any work at the bar. Appellant complains in point three that the court erred when it denied his request to review the bar's records before cross-examining Howard.

■ Although a defendant does not have a general right to discover evidence in the state's possession, he does have a limited right to discovery under article 39.14 of the Code of Criminal Procedure. TEX. CODE CRIM.PROC.ANN. art. 39.14 (Vernon 1979); *May v. State*, 738 S.W.2d 261, 274 (Tex.Crim.App.1987). Appellant filed a motion to discover any material used by witnesses to refresh their memories, and asked for a hearing on the motion. However, the record does not show that any hearing was held or that Appellant objected to the court's failure to rule on the motion. Furthermore, he never requested the court to designate a "time, place, and manner" for the discovery. Because the written motion for discovery does not contain such a designation, the court's failure to order the State to produce the records was not error. *See Kinnamon v. State*, 791 S.W.2d 84, 92 (Tex.Crim.App.1990). Point three is overruled.

The prosecutor's closing argument on guilt-innocence included the following comments:

[Appellant] and his attorney [are] going to tell you that he came inside of Billy's Bar with permission. And she skated all around this [padlock]. He said that somebody gave him permission to stay inside of Billy's Bar. And yet and still it just doesn't fit as to why this crowbar and this [padlock are] this way. You don't need to go in like that. And even their own witness, even their own Mr. Berry said if I was caught in the bar here doing work and the police came in there, what would he have done? What would any average, reasonable person would have done? *Wait a minute fellows; call Mr. Howard [the bar's owner], get him down here, he will tell you I'm in here. Call this Harris.*

[APPELLANT'S COUNSEL]: Objection, Your Honor. He's commenting on the defendant's post arrest silence. It's objectionable. I object to it.

THE COURT: Overrule the objection.

[PROSECUTOR]: *This Harris fellow that was given the keys and everything that was letting them into the bar, call Henry Harris, get him down here. Wait a minute, folks. I'm here doing some work.*

(Emphasis added). Appellant again objected that the prosecutor was commenting on his post-arrest silence, but the objection was overruled.

Appellant's first point is that the court committed reversible error when it allowed the prosecutor to comment on his post-arrest silence over proper objections. The State argues that the point should be overruled because the remarks were a permissible comment on Appellant's pre-arrest silence and that, if erroneous, any error was cured by the earlier admission of similar remarks without objection.

■ Regardless of whether a *Miranda*[1] warning is given, commenting on a defendant's post-arrest silence violates his constitutional right against compelled self-incrimination. *Sanchez v. State*, 707 S.W.2d 575, 582 (Tex.Crim.App.1986). A comment on pre-arrest silence is permissible. *Waldo v. State*, 746 S.W.2d 750, 755 (Tex.Crim. App.1988).

■ Appellant was not under arrest until the officers forced open the locked door of the bathroom and physically took him into

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct.    1602, 16 L.Ed.2d 694 (1966).

custody. He could have given the officers the exculpatory explanations suggested by the prosecutor—"Wait a minute fellows; call Mr. Howard, get him down here, he will tell you [why] I'm in here. Call this Harris.... [C]all Henry Harris, get him down here. Wait a minute, folks. I'm here doing some work."—either before the door was forced open or after his arrest. Commenting on his silence while the door was still locked, i.e., prior to his arrest, was permissible under *Waldo*. *See id.* However, if the comments were referable to the time after the door was opened and he was arrested, then they were improper. *See Sanchez,* 707 S.W.2d at 582. Their ambiguity makes the comments equally referable to both periods of time. *See United States v. Blankenship*, 746 F.2d 233, 238 (5th Cir.1984).

The prosecutor's manifest intent was to comment on Appellant's silence, and the jury would have naturally and necessarily received the comments in that vein. However, conceding that does not automatically establish error when the comments are ambiguous enough to be equally referable to pre- and post-arrest periods. *Id.* Under the facts, the pivotal questions are: (1) whether his "manifest intent" was to comment on Appellant's post-arrest silence, or (2) whether the character of the comments were such that the jury would have "naturally and necessarily" construed them as applicable to the post-arrest period. *Id.* Appellant must prove from the context of the remarks the affirmative of either of these two alternative tests to establish error. *Id.*

Considering the language and context of the remarks, Appellant has failed to meet either test. First, the prosecutor's intent was obscured by the comments' ambiguity; one cannot say that his plain and unmistakable intent was to comment on Appellant's post-arrest silence. Second, although the jury would have naturally received the remarks as comments on Appellant's silence, one cannot say that they *necessarily* would have interpreted them as being exclusively applicable to the post-arrest period. Accordingly, Appellant has failed to establish that the court erred when it refused to exclude the remarks as impermissible comments on his post-arrest silence.

However, assuming that the prosecutor's remarks were a comment on Appellant's post-arrest silence, incurable reversible error did not inevitably result. *See Waldo,* 746 S.W.2d at 754 (holding that an instruction to disregard may cure a comment on post-arrest silence). Logically, if an instruction to disregard will cure such an error, then the error can likewise be cured by the admission of similar comments without objection. *See Butler v. State*, 769 S.W.2d 234, 241 (Tex.Crim.App. 1989). That was the holding in *Greenwood v. State,* 740 S.W.2d 857, 860 (Tex.App.— Dallas 1987, no pet.), which will be applied here.

This comment was made during the prosecutor's opening statement: "Evidence will further show, ladies and gentlemen, that [Appellant] had on gloves, and down there where they found him crouched there was a screwdriver. *The evidence will show that at this time [Appellant] did not say anything as to why he was in the building.*" (Emphasis added). That last remark, clearly commenting on Appellant's post-arrest silence, was made without objection.

Likewise, Officer Barrington was questioned without objection about Appellant's post-arrest silence:

Q Did you go inside of the restroom?

A Like I say, I can't remember if I went in there and grabbed him and brought him out, or if he came out by himself and we brought him against the wall to search him.

\* \* \* \* \* \*

Q *Did he say anything to you at that time?*

A *No, sir.*

(Emphasis added). The admission without objection of these explicit comments on Appellant's post-arrest silence cured any error arising from the comments that are the subject of the first point. *See id.* Point one is overruled. All points having been overruled, the judgment is affirmed.

## OPINION ON REHEARING

Appellant complains on rehearing that this court erred when, relying on article 39.14 of the Code of Criminal Procedure and *Kinnamon v. State,* 791 S.W.2d 84, 92 (Tex.Crim.App.1990), it determined that the trial court's refusal to order the production of Leotia Howard's accounting records was proper. He argues that under Rule 611 of the Rules of Criminal Evidence he was entitled to have the records produced, inspect them, use them to cross-examine Howard, and introduce into evidence the portions of the records which related to her testimony. *See* TEX.R.CRIM.EVID. 611.

Rule 611 provides that any portion of a writing that is withheld over objections "shall be preserved and made available to the appellate court in the event of an appeal." *Id.* The writing allegedly used by the witness to refresh her memory does not appear in the appellate record. Thus, Appellant cannot demonstrate that the court erred when it withheld the writing from his inspection and use. Regardless of whether this court properly relied on article 39.14 or *Kinnamon,* point three must be overruled because of the Appellant's failure to preserve error. The motion for a rehearing is denied.