

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00436-CR

_____

BRENDAN GERAD QUIRK, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from County Criminal Court No. 6
Tarrant County, Texas
Trial Court No. 1796366

_____

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellant Brendan Gerad Quirk challenges his conviction for assault causing bodily injury of Ashley, a family member.[1] *See* Tex. Penal Code Ann. § 22.01(a)(1). During trial in Tarrant County, the prosecution called two officers from the Dallas Police Department to testify about each officer's experience responding to a call reporting violence between Quirk and Ashley. Before the officers testified, Quirk requested a hearing outside the jury's presence "to determine [the] admissibility" of their testimony. Each officer testified during the hearing that in preparation for his testimony that day, he had reviewed his bodycam video from the incident. Quirk objected to the officers' testimony, arguing among other grounds[2] that the prosecution had not produced the bodycam videos to the defense. Quirk's attorney argued that the prosecution's failure to produce the videos violated Texas Code of Criminal Procedure Article 39.14 and that the appropriate remedy for the violation was to exclude the officers' testimony. The trial court overruled the objection.

On appeal, Quirk argues in two issues that "[t]he State . . . committed reversible error by failing to produce material evidence" and that the trial court reversibly erred

---

[1]We use an alias to protect the complainant's identity. *See* Tex. R. App. P. 9.8 cmt.; *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[2]Quirk also objected based on the Sixth Amendment to the United States Constitution, hearsay, and Texas Rule of Evidence 403.

by admitting the officers' testimony. Because Quirk did not preserve his complaints, we will affirm.

## Background

Quirk does not challenge the sufficiency of the evidence to sustain his conviction, so we limit our discussion of the trial proceedings to the parts relevant to his issues. *See Hance v. State*, 714 S.W.3d 775, 789 n.3 (Tex. App.—Fort Worth 2025, no pet.) (op. on reh'g).

Quirk filed a motion for discovery in June 2024, requesting among other things a list of the prosecution's trial witnesses. The trial court granted the request, and the prosecutor filed a witness list that did not include the Dallas officers but included "[a]ny and all persons named or referenced in any document provided to or made available to the Defendant by the State." The State subsequently provided to defense counsel the Dallas officers' offense reports. On the evening of November 4, 2024, the State filed an application for a subpoena for each Dallas officer, and on the following day, it filed a supplemental witness list naming the Dallas officers as possible witnesses. Jury voir dire began the next day, November 6.

At a hearing before voir dire, Quirk objected "due to undue surprise" to the Dallas officers' testifying, arguing that they had not been timely disclosed as witnesses. The prosecutor responded that the State had provided the offense reports for those incidents to defense counsel in July 2024; that in August, the State had provided a notice of extraneous offenses that included the offenses for which the Dallas officers

3

were being called to testify; and that the defense thus should not have been surprised by the State's calling the officers as witnesses. The trial court overruled Quirk's objection but stated that Quirk could take the witnesses on voir dire prior to their testimony. Quirk did not request a continuance.

Trial testimony began the next day. Before the Dallas officers testified, Quirk's attorney asked to take the officers on voir dire. After the officers' voir dire testimony referencing the bodycam videos, Quirk's attorney argued that he had "a few issues" with their testifying, including the fact that the bodycam videos had not been provided to him by the prosecution. He argued that the officers would be "testifying based on information that [he had] not seen and [that] . . . ha[d] not been provided from the State," despite their being in "continuous possession of the State," which had an "obligation to provide them." He asserted that any testimony by the officers would be "tainted with evidence that's not been properly disclosed by the State."

The prosecutor responded that the videos were "not in our possession nor would it be in the control of the State as it is applied through [the Court of Criminal Appeals' recent opinion in *State v.*] *Heath*," which discussed the State's obligation under Article 39.14 to produce evidence to the defense. *See* Tex. Code Crim. Proc. Ann. art. 39.14 (providing that on defendant's request, the State must produce reports, documents, and witness statements, including witness statements of law enforcement officers, and "other tangible things not otherwise privileged" that constitute evidence material to a matter in the action and that "are in the possession,

4

custody, or control of the [S]tate or any person under contract with the [S]tate"); *State v. Heath*, 696 S.W.3d 677, 693 (Tex. Crim. App. 2024) (holding that "the [S]tate" in Article 39.14 encompasses law enforcement). Referencing *Heath*'s footnote 102,[3] the prosecutor compared the situation to one in which the State calls out-of-state witnesses to testify. Finally, the prosecutor asked that if the trial court believed that Article 39.14 applied to the bodycam footage, then "the remedy be a limiting instruction to . . . say that the jury is allowed to consider that there is a lack of body camera [video]."

Quirk's attorney disagreed that Dallas County was comparable to a separate state, argued that the prosecution's failure to produce the videos violated Article 39.14, and asserted that under *Watkins*, "the only true remedy" was excluding the Dallas officers' testimony. *See Watkins v. State*, 619 S.W.3d 265, 271–91 (Tex. Crim. App. 2021) (discussing meaning of phrase "material to any matter involved in the action" in Article 39.14). He concluded, "I don't see how these officers can testify, particularly given that they're basing their testimony on something that has been withheld . . . from us by the State."

The prosecutor responded that Quirk had access to the same police report that the State had, that the report mentioned the bodycam videos, and that Quirk

---

[3] 696 S.W.3d at 699 n.102 (stating that "[f]or purposes of *Brady* [*v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194 (1963)]," "'the State' includes, in addition to the prosecutor, other lawyers and employees in his office and members of law enforcement *connected to the investigation and prosecution of the case*" (emphasis added)).

nevertheless had not included the videos in his discovery request. Thus, the prosecution "complied with their request under [Article] 39.14."

After reading *Heath*, the trial court ruled that the officers could testify but could not testify about anything "observed in the body[ ]cam [videos] or any reference to the body[ ]cam [videos] whatsoever" or anything about what the complainant had said to them. The trial court stated, "So the officers' testimony will be limited to their observations, the reason for the call, [and] anything that they observed or discovered in their investigation that did not come from any statements made by the injured party." The trial court then asked if there was "anything else Defense needed a ruling on," and Quirk's attorney expressed his concern that there was no way for him to know or verify what information in the officers' testimony would be drawn from the bodycam videos. To that, the trial court reiterated its ruling that the officers could "testify from their own recollection as well as what they have ascertained from reviewing their police reports [that] have been supplied to the Defense by the State." The court further stated, "If there is an objection to be made and we need to go outside the presence of the jury to clarify, I'm happy to do that." Such exchange never occurred.

Quirk then requested that a limiting instruction be given before the officers' testimony, and the trial court granted that request. Quirk did not at any point ask for a continuance so that the bodycam videos could be obtained and reviewed. The trial resumed, and both Dallas officers testified without further objection or a request by

Quirk's counsel for a hearing outside the jury's presence. The Grapevine police officers who had responded to Ashley's 911 call that led to the assault charge in this case also testified.

Ashley testified in his defense. Quirk's defense was that Ashley had repeatedly lied to police because of a mental health condition, and Ashley testified accordingly. In other words, Quirk's defense—and Ashley's testimony—was that her mental health condition made her untruthful (and that for one of the Dallas incidents, she was drunk) and that her words thus could not be trusted. In line with that defense, she did not deny telling the Dallas officers or the Grapevine officers who responded to her 911 call giving rise to the instant charge that Quirk had assaulted her, although she claimed to have no memory some of it. Her testimony was simply that Quirk had never assaulted her regardless of what she had told the Dallas officers, the Grapevine officers, or the other Grapevine officers who had responded to a previous call involving the couple.

The jury found Quirk guilty, and the trial court made an affirmative finding of family violence and assessed Quirk's punishment at 180 days' confinement in the Tarrant County Jail and a $2,000 fine.

## Discussion

### I. Arguments in Quirk's Original Brief

In Quirk's first issue, he argues that the State "committed reversible error by failing to produce material evidence (police body worn camera videos . . . from two

extraneous offenses) that were in the possession, custody, and control of the State in violation" of *Heath*, *Watkins*, and Article 39.14. In his second issue, he asserts that the trial court committed reversible error by admitting the testimony of the Dallas police officers "that: (1) were not timely included in the State's pretrial disclosures, and (2) refreshed their memories prior to testifying with the same [bodycam] videos that the State failed to produce." He argues that the State's failure to produce the bodycam videos prevented him "from effectively preparing a defense to the State's trial and punishment strategy, cross[-]examinations, and impeaching or rebutting the Dallas [o]fficers' testimony" and that the trial court's error in allowing the officers' testimony requires reversal and a new trial. In summary, he argues that the trial court reversibly erred by admitting the officers' testimony when they had not been timely disclosed as witnesses and when their testimony may have been based in part on bodycam videos that the prosecution had failed to produce in violation of Article 39.14.

When the State fails to produce evidence it is required to produce under Article 39.14 and the trial court denies the defendant's request to exclude the evidence or to dismiss the indictment, the defendant does not preserve that complaint for appellate review unless the defendant seeks a continuance. *See Derrough v. State*, No. 02-24-00281-CR, 2025 WL 1774761, at *9 (Tex. App.—Fort Worth June 26, 2025, no pet.) (mem. op., not designated for publication) (stating that "[t]o preserve error regarding the State's violation of Article 39.14," a defendant must request a continuance); *see also Cadena v. State*, No. 11-22-00225-CR, 2023 WL 8459093, at *5 (Tex. App.—Eastland

8

Dec. 7, 2023, no pet.) (mem. op., not designated for publication) (holding appellant had not preserved complaint about trial court's overruling his objection to late-disclosed evidence because he had not requested a continuance); *Rodriguez v. State*, 630 S.W.3d 522, 524 (Tex. App.—Waco 2021, no pet.) (rejecting defendant's argument that Article 39.14 violation "had a material effect on her trial strategy and thereby deprived her of due process" when she did not request a continuance); *Byrd v. State*, No. 02-15-00288-CR, 2017 WL 817147, at *4 (Tex. App.—Fort Worth Mar. 2, 2017, pet. ref'd) (mem. op., not designated for publication) (holding that requesting a continuance would have allowed defendant to avoid claimed prejudice and impairment of his defense from late disclosure of records); *cf.* Tex. Code Crim. Proc. Ann. art. 29.13 (providing that trial court may grant continuance after trial begins if it determines that "by some unexpected occurrence since trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had").

Here, Quirk's attorney objected to the Dallas officers' testimony "due to surprise" because they had not been timely disclosed as witnesses. The next day, he objected that he had not received the bodycam videos and argued, "I'm not going to know what these officers are pulling from their review of the body[ ]cam [videos] that they have already done today versus what they are just pulling from their report that we have had access to." His concerns could have been addressed by seeking a continuance. *See Ruffins v. State*, 691 S.W.3d 166, 186–87 (Tex. App.—Austin 2024, no

9

pet.); *see also Schard v. State*, No. 09-16-00291-CR, 2018 WL 1630891, at *8 (Tex. App.—Beaumont Apr. 4, 2018, no pet.) (mem. op., not designated for publication) (noting that trial judge had sent an order to hospital mid-trial to require production of records and had recessed proceedings to give defendant opportunity to review the records before nurse's testimony). Quirk did not request that relief. Accordingly, he has not preserved his complaints that the officers' testimony should have been excluded on the basis that the bodycam videos were not provided and that the officers had not been timely disclosed as witnesses.

## II. Quirk's Reply Brief Argument

The State's brief pointed out Quirk's failure to seek a continuance. In response, Quirk filed a reply brief making two arguments. First, he contends that a motion for continuance "is only necessary as a result of the State's belated disclosure of evidence to be used at trial or the State's offer of undisclosed evidence at trial," and neither situation occurred in this case because the State never offered the videos or disclosed them as evidence to be used during trial. He argues that because the State "never intended to use or disclose the [bodycam] videos at trial and has continuously argued that the State has no duty to provide" the videos, a motion for continuance "was useless and unnecessary."

We disagree. In the trial court, Quirk complained that the Dallas officers' testimony—which the State did intend to use—would be based in part on the bodycam videos that he had not seen despite the State's duty to produce them under

10

Article 39.14. He argued that without seeing the bodycam videos, he could not know what part of their testimony would be derived from those videos, and his original brief argued that the State's failure to produce them prevented him "from effectively preparing a defense to the State's trial and punishment strategy, cross examinations, and impeaching or rebutting" the Dallas officers' testimony. These Article 39.14-based issues could have been cured by the production of the videos during a continuance. Thus, to preserve an objection based on Article 39.14, Quirk was required to request a continuance. *See Derrough*, 2025 WL 1774761, at *9; *see also Ruffins*, 691 S.W.3d at 186–87; *Rodriguez*, 630 S.W.3d at 524.

Quirk's second reply brief argument is that the State had also been required to produce the bodycam videos under Texas Rule of Evidence 612 and that he did not need to seek a continuance to preserve a complaint based on that rule.

Under Rule 612, "when a witness uses a writing to refresh memory" before testifying, the adverse party "is entitled to have the writing produced at the hearing, to inspect it, [and] to cross-examine the witness about it." Tex. R. Evid. 612(a), (b). "If the producing party"—here the State—"claims that the writing includes unrelated matter, the court must examine the writing in camera, delete any unrelated portion, and order that the rest be delivered to the adverse party." Tex. R. Evid. 612(b). Generally, if the writing "is not produced or is not delivered as ordered, the court may issue any appropriate order," but in a criminal case, "if the prosecution does not

11

comply," then the trial court "must strike the witness's testimony or—if justice so requires—declare a mistrial." Tex. R. Evid. 612(c).

Quirk's new argument faces two hurdles. First, he did not raise a Rule 612 complaint in his original brief. *See Chambers v. State*, 580 S.W.3d 149, 161 (Tex. Crim. App. 2019) ("[N]ew issues raised in a reply brief should not be considered."). Although he mentioned in his brief that the Dallas officers had used the bodycam videos to refresh their memories, he never mentioned Rule 612 and did not cite any case applying that rule. Second, even if we were to consider his new Rule 612 argument to be sufficiently related to his original brief issues such that we could consider it, he did not preserve this complaint below. *See* Tex. R. App. P. 33.1; Tex. R. Evid. 103(a).

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling. *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021); *Silva v. State*, Nos. 14-23-00324-CR, 14-23-00325-CR, 2024 WL 3507508, at *1 (Tex. App.—Houston [14th Dist.] July 23, 2024, no pet.) (mem. op., not designated for publication) (noting that to preserve a complaint, party must state the specific factual and legal basis for the ruling that the party seeks); *see* Tex. R. App. P. 33.1. "[T]he complaining party bears the responsibility of clearly conveying to the trial judge the party's particular complaint, the precise and proper application of law, as well as the underlying rationale." *De La Cerda v. State*,

12

No. 14-22-00471-CR, 2023 WL 7401512, at *2 (Tex. App.—Houston [14th Dist.] Nov. 9, 2023, no pet.) (mem. op., not designated for publication) (citing *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009)). "As a general rule, an appellate court reviewing a trial court's ruling on the admission or exclusion of evidence must do so in light of the arguments, information, and evidence that was available to the trial court at the time it ruled." *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003) (holding court of appeals erred in considering arguments appellant made for first time on appeal).

No "specific words or technical considerations" are required to preserve a complaint; a party who has "let the trial court know what he wants and why he feels himself entitled to it clearly enough for the judge to understand him" has satisfied preservation requirements. *Vasquez v. State*, 483 S.W.3d 550, 554 (Tex. Crim. App. 2016). "But, a general or imprecise objection will not preserve error for appeal unless 'the legal basis for the objection is *obvious* to the court and to opposing counsel.'" *Id.* (quoting *Buchanan v. State*, 207 S.W.3d 772, 775 (Tex. Crim. App. 2006)). "'Usually, for a complaint to be obvious,' there will 'have been statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be.'" *Ex parte Nuncio*, 662 S.W.3d 903, 914 (Tex. Crim. App. 2022) (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)).

Here, Quirk clearly objected to the Dallas officers' testimony, he asserted that the State had failed in its duty to provide the bodycam videos, and he articulated his

belief that their testifying would be unfair to him because their testimony could be based in part on videos that he had not seen. However, as we will explain, while he clearly argued that the State should have disclosed the videos, what he did not make obvious was that the *legal* bases for his objection included Rule 612.

After the second Dallas officer's voir dire testimony, Quirk made a series of objections. As noted above, he began by stating that he had "a few issues" with the officers' testifying:

> Judge, I have a few issues here. One, I'm learning today that there are body[ ]cams from both officers that we don't have. They have been *in continuous possession of the State*. It's *the State's obligation to provide them*. We don't have them. Both officers reviewed their body camera, *so they've looked it over, prepared their testimony based on that*, so they are going to be testifying based on information that we have not seen and *we have not been provided from the State*. I have an objection to any testimony because it's tainted with *evidence that's not been properly disclosed by the State*. [Emphases added.]

This argument arguably could have been referencing Rule 612's requirements to provide to an adverse party any writing used to refresh memory, but it equally could have been invoking Article 39.14's requirement that the State turn over impeachment evidence as well as discovery "material to any matter involved in the action" when the material is in the State's possession, custody, or control. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a), (h); Tex. R. Evid. 612. Thus, this argument was insufficient to make it obvious to the trial court that he was objecting based on Rule 612. *See Resendez v. State*, 306 S.W.3d 308, 314 (Tex. Crim. App. 2009) (holding that "a complaint that could, in isolation, be read to express more than one legal argument

14

will generally not preserve all potentially relevant arguments for appeal" and that "[o]nly when there are clear contextual clues indicating that the party was, in fact, making a particular argument will that argument be preserved"); *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) ("An objection stating one legal theory may not be used to support a different legal theory on appeal." (citation and quotation marks omitted)); *Sedeno v. State*, No. 14-07-00327-CR, 2008 WL 5104169, at *3 (Tex. App.—Houston [14th Dist.] Nov. 25, 2008, no pet.) (mem. op., not designated for publication) (holding that defendant's comments to trial court "did not state his complaint with sufficient specificity to make the trial court aware he wished to refresh [the witness's] recollection with the NHTSA manual" and thus defendant had not preserved Rule 612 complaint).

Then, Quirk made further arguments before the trial court ruled, and in those arguments he explicitly invoked Article 39.14 but never mentioned Rule 612. First, Quirk responded to the State's references to Article 39.14 and *Heath* by specifically arguing that the State had violated Article 39.14. He argued,

> Judge, . . . the argument as I understand it is even though the officers are testifying based on their review of evidence that we have not seen, the State's under no obligation to provide us with that evidence, which would be the [videos]. And we -- *I think that's a violation of 39.14 clearly.* And Dallas, as much as some of us would like to make it so, is not in a separate state. They're not that far away. [Emphasis added.] So I think that's problematic, just like the [prosecutor's] argument [earlier that morning] that officers get to testify routinely about hearsay because they don't, as we saw this morning.

15

So I think with our arguments that we have made, Judge, I don't see how these officers can testify, particularly given that they're basing their testimony on something that has been withheld from the State -- withheld from us by the State.

. . . .

I would point out since we're talking about Heath, from the actual body of the opinion, the court specifically states that *Article 39.14*['s] use of the word State means exactly what one would think it means, the State of Texas[,] and it does say that is to be used in the broadest sense. [Emphasis added.]

Then, after the State argued that a remedy for an Article 39.14 violation is a limiting instruction, Quirk did not mention Rule 612 or argue that the evidentiary rule required the production of writings used to refresh a witness's memory and exclusion of the officers' testimony if the videos were not produced. *See* Tex. R. Evid. 612(a), (c). Instead, Quirk cited *Watkins*, a Court of Criminal Appeals opinion that addresses Article 39.14 and does not mention Rule 612. *See Watkins*, 619 S.W.3d at 268–91.

Further, the record does not reflect that the trial court clearly understood Quirk to be raising an objection based on Rule 612. After the parties made their arguments, the trial court took a moment to "read[ ] over parts of Heath." The trial court then stated,

Okay. Having heard arguments from both the State and the Defense, I am going to allow the officers' testimony. However, as the [videos] ha[ve] not been supplied, I'm going to exclude any mention to anything observed in the [videos] or any reference to the [videos] whatsoever. I am also going to sustain the objection as to hearsay as to any statements made by the injured party in this case. So the officers' testimony will be limited to their observations, the reason for the call, anything that they

16

observed or discovered in their investigation that did not come from any statements made by the injured party.

Nothing suggests that the trial court had considered Rule 612 in its ruling, and its pausing proceedings to read *Heath* indicates that it was considering the application of Article 39.14. The trial court further stated that it was overruling "the 403 objection and the Crawford and Sixth Amendment objections[4] made by the Defense." Nothing in those rulings indicated that the trial court understood that Quirk was making a Rule 612 objection. Moreover, nothing indicates that the prosecutor understood Rule 612 to be Quirk's objection, either; all of the prosecutor's arguments about the State's obligation to produce discovery related to Article 39.14.

After those rulings, Quirk made one more argument regarding the Dallas officers' testimony, and that argument did not cite Rule 612 or obviously refer to it, as opposed to Article 39.14:

> Judge, I would ask – I know it's a little late. Well, I guess my concern is I'm not going to know what these officers are pulling from their review of the [videos] that they have already done today versus what they are just pulling from their report that we have had access to. I don't know how we can verify that or determine that.
>
> I know looking at the police report, a lot of what testimony they gave us this afternoon was not included in the police report and so I

---

[4]A violation of the Sixth Amendment right to cross-examine witnesses and a violation of Rule 612 can both be implicated by the exclusion of evidence that could be used in cross-examination. *See Young v. State*, 891 S.W.2d 945, 948 (Tex. Crim. App. 1994). Nevertheless, an objection based on a constitutional provision does not necessarily alert the trial court to an objection based on a statutory provision. *See, e.g., Broxton*, 909 S.W.2d at 918.

think my only assumption has to be that it came from the [video] footage that the Court just said that they can't allude to or reference. So I'm finding difficulty in determining how they can testify to anything and we can verify that they got it strictly from this police report that we have had access to. That's my concern.

This argument, like the objection he began with, is one that he could have made to support a Rule 612 objection, but it would also have relevance to an objection under Article 39.14. Given that Quirk to that point had specifically referenced Article 39.14 and cases applying it but had not mentioned Rule 612, this argument was not enough to apprise the trial court that he was also objecting based on Rule 612. *See Resendez*, 306 S.W.3d at 314; *Broxton*, 909 S.W.2d at 918.

Quirk cites *Young v. State*, 830 S.W.2d 122, 125 n.3 (Tex. Crim. App. 1992) (plurality op.), for the proposition that to preserve a Rule 612 complaint, a defendant "is not required to undertake the practically impossible task of somehow unilaterally acquiring the materials for inclusion in the record to preserve the matter for appeal" and that "[t]he error is complete and preserved when a criminal defendant is denied access to materials he is entitled." That footnote addressed the State's argument in that case that the defendant had not preserved his Rule 612[5] complaint for appeal because he had not ensured that the writing used to refresh the witness's memory—which the witness had not brought to trial—was made a part of the appellate record.

---

[5]*Young* discussed former Texas Rule of Criminal Evidence 611, which is now Texas Rule of Evidence 612. *See Powell v. State*, 5 S.W.3d 369, 379 n.4 (Tex. App.—Texarkana 1999, pet. ref'd).

18

*Id.* at 124, 125 n.3. The *Young* court held, "To say that in order to 'demonstrate that the court erred' an appellant must nonetheless unilaterally somehow acquire [the materials] from the witness for inclusion in the appellate record by way of a bill of exception is to impose a practically impossible task that the law or rule does not require." *Id.* at 125 n.3. But *Young* does not hold that a defendant has no need to make a Rule 612 objection to preserve error, and the court specifically noted that the defendant was entitled to have the records produced for inspection by his counsel "[w]hen [he] invoked Rule [612]." *Id.* at 124–25.

Although Quirk was not required to use any specific words to preserve his complaint, he was required to make the legal basis for his objection obvious to the trial court. *Vasquez*, 483 S.W.3d at 554. He did not do so with respect to the Rule 612 complaint that he raises in his reply brief. Thus, he did not preserve this complaint for appeal.[6]

We overrule both of Quirk's issues.

---

[6]Because of our holding, we need not decide if it matters for preservation or harm-analysis purposes that the officers were not asked—and thus the record does not reflect—what the officers remembered independently of the bodycam videos versus what, if anything, they remembered because they watched the footage. We further note that nothing in the record indicates that the officers did not follow the trial court's ruling to refrain from mentioning anything that they had observed in the video. Moreover, the record suggests that the bodycam footage did not work to refresh either officer's memory, or at least they did not retain that memory by the time of their voir dire testimony.

## Conclusion

Having overruled Quirk's two issues, we affirm the trial court's judgment.

/s/ Mike Wallach

Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  September 18, 2025